**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| D.C. DIAMOND CORPORATION, | ) | Case No. 12-16730-BFK |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TOMISLAV MILIC, ET AL., | ) | Adversary Proceeding |
| | ) | No. 20-01031-BFK |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| HJE GROUP LC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION AND
ORDER REMANDING ADVERSARY
PROCEEDING TO STATE COURT**

This adversary proceeding was removed to this Court from the Circuit Court of Fairfax County, Virginia (the "Circuit Court of Fairfax County" or the "State Court") pursuant to 28 U.S.C. § 1452. Docket No. 1. On June 12, 2020, the Court entered an Order, *sua sponte*, requiring the parties to file briefs addressing the Court's subject matter jurisdiction. Docket No. 19 (corrected Order at Docket No. 21). The Defendants (as defined below), who removed the action to this Court, filed their Memorandum of Law on July 14, 2020. Docket No. 25. The Plaintiffs (as defined below), who oppose the exercise of jurisdiction by this Court, filed their Memorandum of Law on July 28, 2020. Docket No. 26. The Court heard the parties' arguments on August 11, 2020.

1

For the reasons stated below, the Court finds that it lacks subject matter jurisdiction over the Plaintiffs' Amended Complaint. As a result, the Court will remand the matter to the State Court.

## Undisputed Facts

The Court finds that the following facts are not genuinely in dispute.

*A. The D.C. Diamond Bankruptcy Case.*

1. On November 12, 2012, D.C. Diamond Corporation ("D.C. Diamond") filed a Voluntary Petition under Chapter 11 with this Court. Case No. 12-16730-BFK.

2. D.C. Diamond was a real estate development corporation with a number of projects in various stages of completion. Tomislav Milic, its principal, was appointed as the Debtor Designee. Docket No. 4.[1]

3. After almost three years without a confirmed plan of reorganization, the Court converted the case to Chapter 7 on October 16, 2015, at the request of certain creditors. Docket Nos. 409 (Motion to Convert), 424 (Order of Conversion).

4. Kevin R. McCarthy was appointed as the Chapter 7 Trustee (the "Trustee"). Docket Nos. 425, 426.

*B. The Court-Approved Settlement With HJE Group.*

5. On November 17, 2016, the Trustee filed a Motion for approval of a settlement agreement with HJE Group, L.C. ("HJE Group") Docket No. 550 (such motion, the "Settlement Motion" and such agreement, the "Settlement Agreement"). HJE Group was a pre-petition secured lender of D.C. Diamond, and had received title to certain properties from Red Maple and RMF, two entities owned by D.C. Diamond, shortly before the bankruptcy filing.

---

[1] Mr. Milic's father, Karlo Milic, formerly was D.C. Diamond's principal. For purposes of this Opinion, the Court will refer to Tomislav Milic as "Mr. Milic," unless otherwise indicated.

6.      Mr. Milic, acting *pro se*, filed an Objection to the Settlement Motion. Docket No. 556. In his Objection, Mr. Milic claimed that HJE Group's ownership of the Red Maple and RMF properties was the product of fraud, from when Mr. Milic's father, Karlo Milic, was in control of D.C. Diamond. Mr. Milic asserted that his father lacked the capacity to enter into any binding agreements with HJE Group. *Id.,* pp. 1-5.

7.      Although the Settlement Agreement is lengthy and complex, the salient features of the Agreement were:

- The Debt Resolution Agreement and Bill of Sale entered into between D.C. Diamond and HJE on July 10, 2012, were found to be valid and binding agreements. Docket No. 550-1, ¶ 30.
- HJE Group was found to be the sole owner of Red Maple and RMF as of the date of the Settlement Agreement. *Id.*, ¶¶ 33-34.
- The membership interests in Red Maple and RMF would be returned to the Trustee. The Trustee would have a certain period of time to sell the properties and the parties (HJE Group and the Trustee) would split the proceeds according to an agreed-upon formula. *Id.*, ¶¶ 2, 6.
- If the Trustee could not sell the properties within the agreed period of time, the properties would be put up for an auction. *Id.*, ¶¶ 4, 10.
- The Trustee and HJE Group would each release the other from any and all claims, subject only to the parties' obligations contained in the Settlement Agreement. *Id.,* ¶¶ 11-12.

Docket No. 550-1.

8.      The Settlement Agreement also contains an indemnity provision in favor of HJE Group, as follows:

> The HJE Group shall be entitled to recover on the Maturity Date, to the extent not already included in the Agreed HJE Claim, its out-of-pocket costs incurred after the filing of a motion to approve this Settlement Agreement in implementing or enforcing the Settlement, the transfer of the Parcels, and the recording of the HJE Lien, including but not limited to recording fees and taxes payable by HJE Group and any reasonable attorneys' fees and costs incurred. The foregoing shall be referred to as the "HJE Costs." In the event that the HJE Costs are not repaid in full on or before the Maturity Date, HJE Group shall be entitled immediately to foreclose on the HJE Lien. Any dispute

3

>between the Trustee and the HJE Group regarding the HJE Costs shall
>be resolved by the Bankruptcy Court.

Docket No. 550-1, ¶ 10.

9. After an evidentiary hearing, at which Mr. Milic was represented by counsel and at which he and the Trustee testified, the Court found that the Settlement Agreement was negotiated at arms-length, that it was fair and reasonable and that it was in the best interests of the creditors and other parties in interest in the D.C. Diamond bankruptcy case. Docket No. 590, ¶ 55 (Order Approving Settlement Agreement) (the "Settlement Order"). As a result, the Court approved the Settlement Agreement and overruled Mr. Milic's Objections. *Id*., p. 8.

10. Mr. Milic did not appeal the Settlement Order. It became final and non-appealable on March 20, 2017.

*C. The Plaintiff's Complaint and Amended Complaint.*

11. On March 16, 2020, Mr. Milic, individually and as Trustee of the Karlo Milic Irrevocable Trust, and purporting to act on behalf of Red Maple and RMF (together, the "Plaintiffs"), filed a Complaint in the State Court against HJE Group and its principal, Hermann Esser (together, "HJE" or the "Defendants"). Docket No. 1 (Complaint) (the "Complaint").

12. The Complaint contained five Counts – Breach of Contract (of the Debt Resolution Agreement and a related agreement, the Lease Purchase Agreement), Business Conspiracy (for the express purpose of "taking Karlo, Red Maple and RMF's properties"), Tortious Interference With Contract (alleging that "Tom, Karlo, Red Maple and RMF suffered damages"), Conversion (alleging that Mr. Milic personally had an identifiable interest in Red Maple and RMF), and Fraudulent Conveyance (alleging a fraudulent conveyance of Mr. Milic's membership interests in Red Maple and RMF).

4

13. The Defendants removed the Complaint to this Court on April 27, 2020, pursuant to 28 U.S.C. § 1452. Docket No. 1.

14. The Defendants filed a Motion to Dismiss the action pursuant to Bankruptcy Rule 7012 (incorporating Federal Rule of Civil Procedure 12(b)(6)). Docket No. 3. The Defendants' Motion asserted primarily that the Complaint was barred by principles of collateral estoppel arising out of the Settlement Order entered by the Court in March 2017. *Id.*, pp. 2-3.

15. On May 12, 2020, the Chapter 7 Trustee filed a Joinder on behalf of Red Maple and RMF to the Defendants' Motion to Dismiss. Docket No. 13. In his Joinder, the Trustee asserted that he, not Mr. Milic, owned Red Maple by virtue of the Court's Order approving the settlement with HJE, and that Mr. Milic was coming perilously close to violating the automatic stay in asserting claims on behalf of Red Maple and RMF. *Id.*, p. 3.

16. Three days later, the Plaintiff filed an Amended Complaint. Docket No. 14 (the "Amended Complaint"). The Amended Complaint is considerably pared down, alleging only one Count for breach of contract (the Debt Resolution Agreement and the Lease and Purchase Agreement). *Id*. The Plaintiffs claim damages accruing from, among other things, "loss of the Properties," "loss of Tom's membership interests in Red Maple and RMF," and "lost profits from the sale of the Properties." *Id.,* ¶ 37.[2]

17. The Defendants then filed a new Motion to Dismiss pursuant to Bankruptcy Rule 7012. Docket No. 15. Again, the primary thrust of the Defendants' Motion is that the Amended Complaint is barred by the Court's prior adjudication resulting in entry of the Settlement Order. *Id.*, pp. 2-3.

---

[2] The term "Properties" was defined, according to the Amended Complaint, as certain identified properties owned by Red Maple and RMF, as well as properties owned by the Karlo Milic Irrevocable Trust. *Id.,* ¶ 15.

18. The Trustee did not file a Joinder to the Defendants' Motion to Dismiss the Amended Complaint.

19. The Amended Complaint seeks only damages against the Defendants. Unlike the original Complaint, it does not seek a return of any of the Red Maple or RMF properties allegedly conveyed to HJE as a fraudulent conveyance.

20. On June 12, 2020, the Court entered an Order continuing the hearing on the Defendants' Motion to Dismiss and ordered briefing on the Court's subject matter jurisdiction. Docket No. 19, 21 (Corrected Order).

## Conclusions of Law

This Court has an independent obligation to examine its subject matter jurisdiction, "even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

This Court has jurisdiction over matters "arising under," "arising in," or "related to" cases under Title 11. 28 U.S.C. § 1334(a), (b). Matters arising under Title 11 are main bankruptcy cases. Matters arising in Title 11, referred to as core proceedings, are those matters which would not exist outside of a bankruptcy case, such as preference claims under Section 547 of the Bankruptcy Code, or motions for the authority to use cash collateral under Section 363 of the Code. *See Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 835 (4th Cir. 2007); *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003). A controversy arises in Title 11 when "it would have no practical existence but for the bankruptcy." *A.H. Robins Co., Inc. v. Dalkon Shield Claimants Trust*, 86 F.3d 364, 372 (4th Cir. 1996). The parties agree that this action, involving a purely State law claim for damages between two non-debtor parties, does not involve any core claims.

With respect to "related to" jurisdiction, the Fourth Circuit has adopted the test set out in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984); *Valley Historic Ltd. P'ship*, 486 F.3d at 836. The *Pacor* test holds that a matter is "related to" a bankruptcy case where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor*, 743 F.2d at 994. The Defendants, as the removing parties, have the burden to demonstrate that the Court has subject matter jurisdiction. *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008); *Md. Stadium Auth. V. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

Ordinarily, the court would look to the Complaint at the time of removal and disregard amendments to the Complaint in determining subject matter jurisdiction. *See, e.g., Steers v. Samsung Electronics America, Inc.,* 2018 WL 4538611 (D. Md. 2018) (denying motion to remand where plaintiff amended complaint to reduce *ad damnum*). However, once an amendment eliminates all federal claims, and the amendment is made for legitimate reasons other than simply avoiding federal jurisdiction, the Court has discretion to remand the case to State court based on an amended complaint. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 448 (4th Cir. 2004); *Futrend Technology, Inc. v. Microhealth, LLC*, 2019 WL 1966636 at *2 (E.D. Va. May 2, 2019); *Boone v. CSX Transp., Inc.*, 2018 WL 1308914, at *4 (E.D. Va. March 13, 2018). In this case, the Court finds that the Amended Complaint was filed to avoid any further potential violations of the automatic stay, as opposed to an effort to avoid federal jurisdiction. The Court, therefore, will consider the Amended Complaint as the operative document.

    A. *The Issue of Collateral Estoppel.*

HJE's first and primary argument is that this Court made certain findings in the Settlement Order. HJE views the allegations of the Amended Complaint as being completely

inconsistent with this Court's factual findings. The Trustee, however, is not a defendant in this action, and is not in privity with HJE, so there is no chance that potential State Court findings will become binding against the bankruptcy estate. It is clear in this case that there is not "such an identify of interest" between HJE and the Trustee that the Trustee could be considered the real party in interest. *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).[3]

Moreover, there is no reason why the State Court judge cannot read the Settlement Order and decide the issue of collateral estoppel. A transcript of the hearing on the Settlement Motion is available (Docket No. 580), and the findings in the Settlement Order are detailed enough for the State Court judge to review the matter.

The Defendants characterize the matter as this Court not only interpreting its own Order but enforcing the Settlement Order, citing *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137 (2009). The Settlement Order, however, made certain factual findings, but it did not enjoin Mr. Milic from pursuing breach of contract claims against HJE. In this sense, the Court is not being called upon to enforce its prior Order. The Amended Complaint does not seek to undo the return of the membership interests in Red Maple and RMF to the bankruptcy estate. A judgment against HJE in State Court would not adversely affect any Court-approved sales of these properties.

The presence or absence of collateral estoppel as an affirmative defense in this case is not a sufficient basis for the Court to exercise subject matter jurisdiction over the Amended Complaint.

    B. *HJE's Claim to a Right of Indemnity.*

---

[3] The Trustee did file a Joinder to the Defendants' Motion to Dismiss the Plaintiff's original Complaint. Docket No. 13. This was because it appeared that the Plaintiff was asserting control over RMF and Red Maple. The Plaintiff abandoned that effort by filing the Amended Complaint. The Trustee did not file a Joinder to the Defendants' Motion to Dismiss the Amended Complaint. The Trustee, therefore, will not be a party to this action upon remand to the State Court.

HJE further argues that it is entitled to indemnity from the bankruptcy estate for its legal fees incurred in defending this litigation, relying on Section 10 of the Settlement Agreement, quoted above. First, HJE's entitlement to indemnity under this provision is questionable. Section 10 provides for indemnity, including legal fees, in "implementing or enforcing the settlement." It is not clear to the Court that "implementing or enforcing the settlement" is the same thing as defending a lawsuit for damages brought by a third party, here, Mr. Milic. The Court need not decide at this point whether HJE is entitled to indemnity for its legal fees in this action. Rather, it suffices to note that HJE's claim to indemnity is questionable.

A number of courts in the Third Circuit have held that in order to find related to jurisdiction premised on a right of indemnity the right must be "clearly established," and must have accrued upon the filing of the action. *In re Imerys Talc America*, 2019 WL 3253366 (D. De. July 19, 2019); *In re Lower Bucks Hosp.,* 488 B.R. 303 (E.D. Pa. 2013), *aff'd* 571 F.App'x 139 (3d Cir. 2014). It does not appear that the Fourth Circuit has adopted this test, but the point remains – HJE's right of indemnity is not free from doubt.

In *Pacor* itself, the Third Circuit held that the bankruptcy court lacked related to jurisdiction over a claim by non-debtor parties, the Higgins, against a non-debtor party, Pacor, even where Pacor had a potential right of indemnity against a Debtor, Johns Manville. The Third Circuit noted: "at best, [the action between the Higgins and Pacor] is a mere precursor to the potential third party claim for indemnification by Pacor against Mansville." 743 F.2d, at 995. Even under *Pacor*, which represents the most expansive test for related to jurisdiction, then, there are limits.

Further, assuming that HJE is entitled to indemnity, it would be entitled to that indemnity whether the action remains with this Court or is remanded to the State Court. HJE's indemnity

9

rights are not dependent on which Court decides the dispute. Presumably, at the conclusion of this action HJE will file an application for the allowance of administrative expenses. This Court inarguably would have jurisdiction to hear and determine that dispute. 28 U.S.C. § 157(b)(2)(B). For now, HJE's contingent (and questionable) right of indemnity is an insufficient foundation upon which to rest subject matter jurisdiction.

In the end, this is an action by a non-debtor party against another non-debtor party for damages and does not implicate property of the bankruptcy estate. The State Court is perfectly capable of reviewing the pleadings, the transcript of the hearing that led to the Settlement Order, and the Settlement Order itself to decide whether collateral estoppel applies.

The Court, therefore, finds that it lacks subject matter jurisdiction and will remand this action to the State Court.

### Conclusion

It is therefore **ORDERED**:

1. This adversary proceeding is remanded to the Circuit Court of Fairfax County.
2. The Clerk will mail copies of this Order, or will provide cm-ecf notice of its entry, to the parties below.

Date: Aug 14 2020　　　　　　　　　　　　/s/ Brian F. Kenney
Alexandria, Virginia　　　　　　　　　　　Brian F. Kenney
　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

　　　　　　　　　　　　　　　　Entered on Docket: August 14, 2020

Copies to:

Steven S. Biss
Law Office of Steven S. Biss
300 West Main Street
Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiffs*

Christopher A. Jones
Whiteford Taylor & Preston, LLP
3190 Fairview Park Dr.
Suite 800
Falls Church, VA 22042
*Counsel for Defendants*
*HJE Group LC and Herman Esser*

Stephen E. Leach
Hirschler Fleischer, PC
8270 Greensboro Drive
Suite 700
Tysons Corner, VA 22102
*Counsel for Chapter 7 Trustee*